UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 2:11-cr-9-JMS-CMM |
| | ) | |
| CHAD NOBLE, | ) | -05 |
|    *Defendant.* | ) | |

# **ORDER**

Following his drug-conspiracy conviction, Defendant Chad Noble moves for acquittal under Fed. R. Crim. Proc. 29, and, in the alternative, for a new trial pursuant to Fed. R. Crim. Proc. 33. [Dkt. 602.]

"Rule 29 does not authorize the judge to play thirteenth juror. A judgment of acquittal should be entered only if there is insufficient evidence to sustain the jury's findings. Under this standard, a trial judge should reverse a jury verdict only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." *United States v. Murphy*, 406 F.3d 857, 861 (7th Cir. 2005) (quotation and citation omitted). Given that deferential standard of review to the jury's verdict, a defendant mounting a Rule 29 challenge "faces a nearly insurmountable hurdle." *United States v. Teague*, 956 F.2d 1427, 1433 (7th Cir. 1992).

While Mr. Noble acknowledges the foregoing standard at the outset of his motion, the argument that follows ignores it, instead arguing the evidence in the light most favorable to him. Noble's argument asserts that rather than prove he was a co-conspirator with Greg Miller, the evidence simply established that he sold Greg Miller significant quantities of methamphetamine on multiple occasions. He invokes the "buyer-seller" line of cases in seeking relief.

In response the Government sets forth a five page summary of the facts proved at trial, which the Court finds to be an accurate summary, and which the Court incorporates here. [Dkt. 611.] This evidence meets many of the criteria established by the Seventh Circuit as sufficient to prove a co-conspirator relationship, as opposed a mere seller relationship. Miller and Noble engaged in large quantity sales under a fronting arrangement on multiple occasions; they advised each other on the conduct of the others business; there were warnings of future threats to each other's business and apprehension stemming from arrests of co-conspirators by law enforcement authorities. They socialized with each other and their children. Miller bonded Noble out of jail and saw to it that money was placed in his commissary account while Noble was incarcerated. Miller loaned Noble money, on one occasion $5000. This evidence was a sufficient basis on which to convict Mr. Noble of conspiracy. *See United States v. Johnson* 592 F.3d at 755-56; and *United States v. Colon*, 549 F.3d 565, 568 (7th Cir. 2008).

In sum, the Court finds that the Government produced more than enough evidence both to support the jury's verdict and to ensure that the interests of justice are met. Accordingly, under both Federal Rules of Criminal Procedure 29 and 33, Mr. Noble's motion [dkt. 602] is **DENIED**.

12/27/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record electronically registered.